CLETUS OXENDINE RANSOM v. WILLIAM PRICE LOCKLEAR.

(Filed 7 June, 1957.)

**Automobiles § 41d—**

Evidence tending to show that as plaintiff, driving within the corporate limits of a town, slowed and gave a hand signal for a left turn into the driveway of a residence on her left, her car was struck from the rear by an automobile driven by defendant at a speed of some 70 miles per hour, *is held* sufficient to overrule nonsuit.

APPEAL by defendant from *Hall, J.,* at October 1956 Term, of ROBESON.

Civil action to recover damages for personal injuries allegedly proximately caused by negligence of defendant.

Defendant, answering, denied liability therefor.

STATE *v.* OXENDINE.

Upon trial in Superior Court plaintiff offered evidence tending to show that on 8 May, 1956, about 9:30 a.m., as she was operating her 1951 Ford automobile west toward Maxton on Highway 74A, at a speed of about 35 miles per hour, in corporate limits of Pembroke, N. C., she slowed up and gave a hand signal for a left turn into a residence on the left, her automobile was struck by an automobile operated by defendant traveling west also; that this automobile traveling at a speed of 70 or more miles per hour had just passed another automobile, which was following and about 100 yards behind plaintiff's automobile, and turned back partly across the white line, and then on into and colliding with plaintiff's automobile; and that thereby she sustained personal injuries.

The defendant offered evidence as to his version of the occurrence.

The case was submitted to the jury upon three issues as to (1) negligence of defendant, (2) contributory negligence of plaintiff, and (3) damages sustained by plaintiff, all of which were answered in favor of plaintiff.

And to judgment in accordance with verdict, defendant excepted and appeals to Supreme Court, and assigns error.

*Britt, Campbell & Britt for Plaintiff Appellee.*
*Nance, Barrington & Collier for Defendant Appellant.*

PER CURIAM. The sole assignment of error on this appeal, other than formal ones, is directed to denial of defendant's motion for judgment as of nonsuit. Taking the evidence offered upon the trial below in the light most favorable to plaintiff, as is done in considering demurrer to the evidence, the case was one for the jury, and properly submitted to the jury. The jury has spoken. Hence in judgment signed there is
No error.